FRANCIS C. UPTON AND JOSEPH H. TITUS *v.* EDWARD A. BEDLOW.

In an action on an account stated, which had been signed by defendant and acknowledged to be correct, the answer set up that the defendant had been induced to sign the account by the misrepresentations of the plaintiffs, and that the account was not correct. On the trial, one of the plaintiffs was subpœnaed to produce the firm books containing the account, but failed to do so, and stated that they were lost. Defendant's counsel then swore that on an examination before trial, when the books were produced, one of the plaintiffs had given evidence which contradicted the account sued upon. *Held*, that this was sufficient evidence on the subject of misrepresentation in obtaining defendant's acknowledgement of the account to entitle him to have it submitted to the jury.

APPEAL by defendant from a judgment of this court entered on the verdict of a jury, found by direction of the court at trial term.

The action was on an account stated by plaintiffs, who were stock brokers, under the firm name of Upton & Titus, and who had bought stocks and advanced money to defendant. This

account had been signed and acknowledged to be correct by defendant. In defense, it was set up that defendant had been induced to do so by the misrepresentations of plaintiffs, and that the account was not correct. On the trial, defendant subpœnaed the plaintiff Upton, to produce the books of Upton & Titus, which contained the account in question. Plaintiffs did not produce them, and alleged they were lost, and could not be found.

Mr. Watson, counsel for defendant, then swore that on an examination before trial, the plaintiff Titus had sworn to facts which contradicted the account. These facts defendant demanded should be submitted to the jury as evidence of misrepresentation and of the falsity of the account.

This was refused, and defendant excepted.

*William Watson*, for appellant.

*Chas. B. Stoughton*, for respondents.

BY THE COURT.\*—JOSEPH F. DALY, J.—It seems, upon reading the evidence in the case, that there was ground for the defendant's request to submit the question of misrepresentation to the jury. The disappearance of plaintiffs' books, from which alone the truth or falsity of the plaintiffs' representations as to the account presented to and signed by defendant could be shown, was a suspicious circumstance. The books belonged to plaintiffs, were brought to court by them, on the examination before trial, were not delivered into the custody of the court, and should have been most carefully guarded by the plaintiffs. The evidence of Mr. Watson was uncontradicted as to what the plaintiff Titus swore on preliminary examination his books showed, and that statement of Titus contradicted the account. Whatever inferences were to be drawn from these facts might be drawn by the court, unless the defendant required the jury to do it. He did make the request, and the court should have left it to the jury (*Lockwood* v. *Thorne*, 18 N. Y. 291).

---

\* Present, DALY, Ch. J., LARREMORE and J. F. DALY, JJ.

Under the ruling in *Markham* v. *Jaudon* (41 N. Y. 235), the plaintiffs could not sell the defendant's stock without giving him notice. They did sell it without notice, and were liable to him for a conversion. If the agreement signed by the defendant at the foot of the account or settlement, be urged as a settlement or waiver of the claim he then had for such conversion, it was without consideration.

It seems to me that the judgment should be reversed, and a new trial ordered.

LARREMORE, J.—I think the questions involved in this case should have been submitted to the jury.

DALY, CH. J.—I am of the same opinion.

Judgment reversed.